IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAREN & LAUGHLIN CONSTRUCTION CO., INC. | ) ) ) | |
| Plaintiff/Counterclaim Defendant | ) ) ) | |
| and | ) ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | No. 6:11-cv-3242-DGK |
| Counterclaim Defendant, | ) ) | |
| vs. | ) ) ) | |
| GRANITE RE, INC., | ) ) | |
| Intervenor Defendant/ Counterclaim Plaintiff | ) ) | |

## ORDER GRANTING REMAND AND AWARDING ATTORNEYS' FEES

This case arises out of construction of the Bee Creek Apartments in Branson, Missouri. This lawsuit originated in the Circuit Court of Taney County, Missouri, and was removed to this Court by Travelers Casualty and Surety Company of America ("Travelers") and Haren & Laughlin Construction Co., Inc. ("HarenLaughlin").

Pending before the Court is Travelers and HarenLaughlins' "Notice of Removal and Motion to Realign Parties" (doc. 1) and Granite Re, Inc.'s ("Granite Re") "Motion to Remand Case to State Court" (doc. 4). Travelers and HarenLaughlin ask the Court to realign the parties so that they are captioned as Defendants. Granite Re argues that the case should be remanded because the case was removed more than one year after filing of the original complaint, thus the case cannot be removed.

Finding that this case was not initially removable by operation of the forum defendant rule and that the revival exception does not apply here, the motion for remand is GRANTED and Granite Re is awarded its reasonable attorneys' fees and costs.

**Background**

The owner of the apartment complex, Bee Creek Partners, LLC executed a contract with a general contractor, HarenLaughlin, for construction of the project. HarenLaughlin then subcontracted the concrete work on the project to a company called JKC. Travelers issued a payment bond on behalf of HarenLaughlin, and Granite Re issued a subcontract payment bond for JKC's work on the project. During the course of the construction, JKC began to struggle financially, and the bonding companies were called in to pay the various venders and employees associated with JKC's work on the project.

On May 28, 2010, HarenLaughlin filed suit in the Circuit Court of Taney County, Missouri. In Count I HarenLaughlin sought to pay the money due under the JKC subcontract into the state court registry and require all the defendants, which included several Missouri residents and Granite Re, a non-resident, to interplead their claims to those funds. Count II, asserted a breach of contract claim against JKC for its failure to pay for all materials, equipment, and labor used in connection with the project and sought damages in excess of $25,00. Count III asserted a fraud claim against defendant Carl Scott, a principal of JKC. On August 23, 2010, the state court dismissed count I.

On May 12, 2011, Granite Re filed a motion to intervene and join Travelers as a party, seeking to protect its interest and recover the balance on the JKC subcontract that HarenLaughlin arguably owed JKC for concrete work on the project. The state court granted the motion to

intervene and join on May 23, 2011.  Granite Re served its counterclaim on HarenLaughlin and Travelers on June 14, 2011.

On July 1, 2011, HarenLaughlin dismissed its claims against JKC and Carl Scott, and on July 13, 2011, HarenLaughlin and Travelers filed their notice of removal.  On August 11, 2011, Granite Re timely filed the pending motion for remand.

**Standard**

The statute governing removal provides that an action may be removed by the defendants to federal district court if the case falls within the original jurisdiction of the district court.  28 U.S.C. § 1441(a).  If the case is not within the original subject matter jurisdiction of the district court, it must be remanded to the state court from which it was removed.  28 U.S.C. § 1447(c).  Section 1447(c) also provides that if a case is remanded to state court, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

To invoke a district court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  Diversity of citizenship is determined at the time an action is commenced.  *Freeport-McMoran, Inc. v. K.N. Energy, Inc.*, 498 U.S. 426, 428 (1991).  Moreover, under the so-called forum defendant rule, a case is removable pursuant to diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

3

brought." 28 U.S.C. § 1441(b); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (holding violation of the forum defendant rule is jurisdictional and not waivable).

Additionally, 28 U.S.C. § 1446(b) provides that,

> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity jurisdiction] of this title *more than 1 year after commencement of the action*.

(Emphasis added). Federal courts, however, have recognized a "revival exception" to the thirty day requirement. "The revival exception provides that a lapsed right *to remove an initially removable case* within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (emphasis added).

The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

## Discussion

**I.     This case was not removable.**

HarenLaughlin and Travelers argue that removal was timely because under 28 U.S.C. § 1446(b) they had thirty days to seek removal after they were served with Granite Re's initial pleading on June 24, 2011. Br. at 4. They contend § 1446(b)'s one year time limit on removal does not apply here because it only applies to cases that were not initially removable, and this case was removable when originally filed in state court. *Id.* In the alternative, they argue that

even if the thirty day limitation period started on May 28, 2010, when HarenLaughlin filed its initial petition, removal was still timely pursuant to the "revival exception." *Id.* at 5. When Granite Re intervened and added Travelers as a defendant, the action was so substantially altered that it constituted a new lawsuit and "revived" their right to remove the lawsuit to federal court. *Id.* In response, Granite Re argues that this case was not removable when it was initially filed, and it has not become removable since then.

There is no merit to HarenLaughlin and Travelers' position. The initial case filed in state court asserted claims against citizens of Missouri, thus it was not removable under the forum defendant rule. And, because there was no initial right to removal, the revival exception cannot apply here. Accordingly, this case must be remanded back to the Circuit Court of Taney County, Missouri.

## II. Defendants lacked an objectively reasonable basis to seek removal.

Turning to Granite Re's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c), the Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The objective of this provision is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140.

In the present case HarenLaughlin and Travelers' claim for removal is so weak it is unreasonable. Therefore an award of attorneys' fees is appropriate. It is well-established in this circuit that the forum defendant rule is jurisdictional, thus this case was not initially removable.

5
Case 6:11-cv-03242-DGK   Document 9   Filed 11/16/11   Page 5 of 6

It is also clear that the revival exception could not apply here because it applies only when a case is initially removable. Accordingly, the Court holds HarenLaughlin and Travelers lacked an objectively reasonable basis for seeking removal and Granite Re should be awarded attorneys' fees and costs associated with opposing removal and seeking remand. *Cf. Schoenfeld v. Keiber*, No. 07-4020-CV-C-NKL, 2007 WL 1112621, at *3 (W.D. Mo. 2007) (holding award of attorneys fees appropriate because there was binding Eighth Circuit authority rejecting Defendant's argument for remand).

## Conclusion

Travelers and HarenLaughlins' "Notice of Removal and Motion to Realign Parties" (doc. 1) is DENIED AS MOOT. Granite Re's "Motion to Remand to State Court" (doc. 4) is GRANTED. Granite Re is awarded its reasonable attorneys' fees and costs incurred as a result of the removal.

Granite Re shall file a memo on or before December 2, 2011, explaining in detail what reasonable attorneys' fees and costs were incurred opposing the removal and seeking remand. HarenLaughlin and Travelers will then have fourteen days to file a response. If a response is filed, Granite Re shall then have fourteen days to file a reply. The Court will then make an award based on the existing record.

**IT IS SO ORDERED.**

Date:  November 16, 2011                      /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT